CHIEF JUSTICE GRAY,
specially concurring.
¶20 I concur in the result the Court reaches. I also agree entirely with the Court’s discussion regarding the distinctions between jurisdiction and venue, and the paramount importance of jurisdiction, without which a court lacks the power and authority to act in a matter. My interpretation of the statute at issue differs somewhat from that of the Court, however, and I write separately to clarify that difference.
¶21 It is undisputed that the broad jurisdictional grant to district courts over “all civil matters and cases at law and in equity” is conferred by Article VII, Section 4(1) of the 1972 Montana Constitution. Section 3-5-302(l)(b) and (c), MCA, simply reiterate the constitutional grant of jurisdiction. They are not at all necessary to confer such jurisdiction and, indeed, neither § 3-5-302, MCA, nor any other statute properly could limit or restrict the jurisdiction conferred by the constitution.
¶22 With regard to the first sentence in § 2-4-702(2)(a), MCA, the Court states that it “confers” jurisdiction on the district courts. Given the discussion immediately above, it is clear that I disagree with the Court’s statement. The statement in § 2-4-702(2)(a), MCA, that “proceedings for review must be instituted by filing a petition in district court...” does not confer jurisdiction. At the very most, it-like § 3-5-302(l)(b) and (c), MCA-merely reiterates the constitutional grant of jurisdiction. In my view, a better interpretation of that statement is that it simply sets forth the procedure to be followed in commencing a judicial review proceeding. Read in that manner, it is clear that the second sentence in § 2-4-702(2)(a), MCA, can only be what the Court properly interprets it to be-a venue statute.
¶23 Were it not for the broad constitutional grant of jurisdiction to district courts, I would be inclined to interpret the second sentence of § 2-4-702(2)(a), MCA, as a jurisdictional limitation requiring the filing of petitions for judicial review in the county of petitioner’s residence/primary place of business or where the agency maintains its principal office. That is to say, without the constitutional element in the mix, I do not believe this would be a mere venue statute; nor do I believe the Legislature intended it to be a mere venue statute. The *275 language in § 2-4-702(2)(a), MCA, states that the petition for judicial review “must be filed in” one of the above-mentioned counties. This language differs significantly from the language used by the Legislature in its various civil venue statutes, which generally state only that “[t]he proper place of trial [for a given type of civil case] is” and then list the counties in which venue-that is, the proper location-is appropriate. See, e.g., §§ 25-2-121 and 25-2-122, MCA. In short, it is my view that the Legislature probably intended-because of both the plain language used in § 2-4-702(2)(a), MCA, and the plain, but very different, language used in venue statutes-that jurisdiction over petitions for judicial review be limited to those counties stated in § 2-4-702(2)(a), MCA. The Legislature simply may not have understood that it is not free to limit the broad jurisdiction over “civil matters and cases at law and in equity” conferred by the Montana Constitution.
¶24 I agree with the Court that the District Court erred in concluding that § 2-4-702(2)(a), MCA, is a “legislative designation ... [of] jurisdiction” with regard to petitions for judicial review of final agency decisions.
JUSTICE NELSON joins in the foregoing specially concurring opinion.